1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                              )
UCC UESHIMA COFFEE COMPANY, LTD.,  )
                                                              )        No. 06-1604RSL
                                      Plaintiff,              )
            v.                                               )
                                                              )        ORDER GRANTING MOTION FOR
TULLY'S COFFEE CORPORATION        )        CONTINUANCE IN PART
                                      Defendant.            )
_____ )

    This matter comes before the Court on plaintiff's "Motion for a Continuance of Initial

Scheduling Dates."  (Dkt. #5).  Plaintiff seeks a one month continuance of the deadlines for the

Rule 26(f) conference, the submission of initial disclosures pursuant to Rule 26(a)(1), and the

submission of the parties' joint status report and discovery plan as laid out in the Court's

December 1, 2006 Scheduling Order (Dkt. #3).[1]  Plaintiff maintains that it cannot meet these

deadlines because of the wide-ranging scope of discovery in the case and the difficulty of

gathering materials during the winter holidays in Japan when its offices are closed and its staff is

on vacation.  Defendant opposes the motion and argues that it will suffer prejudice if the

continuance is granted, because any delay in the resolution of the lawsuit will hamper its future

_____

    [1]Under the Scheduling Order, the deadline for the Rule 26(f) conference was December 29, 2006.
The deadline for initial disclosures is January 5, 2007.  The deadline for the joint status report is January
12, 2007.

ORDER GRANTING MOTION
FOR CONTINUANCE IN PART

1   efforts to compete in foreign markets.

2          A scheduling order may be modified under Federal Rule of Civil Procedure 16(b) upon a

3   showing of good cause.  Good cause is found where "the pretrial schedule ... cannot reasonably

4   be met despite the diligence of the party seeking the extension."  Johnson v. Mammoth

5   Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).   While the Court recognizes that the

6   holidays have inhibited, and will inhibit, the ability of plaintiff to gather initial disclosures as

7   quickly as it would be able to under normal circumstances, the Court does not believe such

8   circumstances justify an extension of a full month.  Plaintiff acknowledges that its employees

9   will only be on vacation for six days during the holiday season.  Even assuming that additional

10  employee vacation days and increased end-of-year work flow will further add to the unavoidable

11  delay in accumulating the necessary disclosures, the Court finds that a more modest extension

12  will give plaintiff sufficient time to gather its initial disclosures while ensuring that the progress

13  of the litigation is not unnecessarily delayed.  As such, the Court orders that Rule 26(a)(1) initial

14  disclosures shall be made by January 24, 2007 and that the parties' joint status report shall be

15  submitted to the Court by January 31, 2007.  If parties have not already done so, they should

16  hold a Rule 26(f) conference by January 10, 2007.

17         For all the foregoing reasons, plaintiff's motion is GRANTED in part and DENIED in

18  part.

19

20         DATED this 3rd day of January, 2007.

21

22

23         _____
           Robert S. Lasnik
24         United States District Judge

25

26
    ORDER GRANTING MOTION
    FOR CONTINUANCE IN PART          -2-