UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UCC UESHIMA COFFEE COMPANY,
LTD.,

               Plaintiff,

      v.

TULLY'S COFFEE CORPORATION

               Defendant.

Case No.  C06-1604RSL

ORDER GRANTING PLAINTIFF'S
PROTECTIVE ORDER

## I.  Introduction

This matter comes before the Court on plaintiff UCC Ueshima Coffee Company's "Motion for Protective Order Designating Certain Information As Attorneys' Eyes Only."  (Dkt. # 16).  Plaintiff requests that the Court not require plaintiff to disclose to defendant a list of third-party business contacts ("the information") because this information is confidential and would give defendant a competitive commercial advantage.  Instead, plaintiff seeks to limit disclosure of the contact list to defendant's attorneys and experts.  Defendant opposes the protective order and argues it will be severely prejudiced if denied access to the information.

## II.  Background

In April 2001, UCC Ueshima Coffee Company ("UCC") and Tully's Coffee Corporation ("Tully's") entered into an agreement that granted UCC an exclusive license to open and operate

ORDER GRANTING PLAINTIFF'S
PROTECTIVE ORDER - 1

Tully's stores and sell Tully's products at wholesale in 26 Asian countries (the "Asia Rights"). In November 2006, Tully's sent UCC a letter purporting to terminate the agreement for UCC's alleged failure to develop the Asia Rights.

Between April 2001 and November 2006, UCC created a list of business contacts to identify potential partners in the Asia market. UCC claims that it expended a substantial amount of time and money compiling this list, and that the list provides a "near-instant roadmap" of how to develop a coffee brand in the 26 countries. For these reasons, plaintiff seeks to limit disclosure of the information to defendant's attorneys and experts.

### III. Discussion

The Court has authority pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to issue a protective order requiring "that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed in a designated way." Fed. R. Civ. P. 26(c)(7). Trade secrets, however, are not immune from discovery. <u>Hartley Pen Co. v. U.S. Dist. Court</u>, 287 F.2d 324, 328 (9th Cir. 1961). Rather, the party seeking a protective order has the burden to show "good cause" for why protection of the confidential information is necessary. To meet its burden, the moving party must establish that a "specific prejudice or harm will result if no protective order is granted." <u>Phillips ex. rel. Estates of Byrd v. General Motors Corp</u>., 307 F.3d 1206, 1210-11 (9th Cir. 2002). Once satisfied, the burden shifts to the party seeking discovery to show that disclosure is "relevant and necessary" to the presentation of its case.[1] <u>Hartley Pen Co.</u>, 287 F.2d at 328. The Court then must balance the interests of both parties.

The Court finds that plaintiff has satisfied its initial burden. First, the contact list

---

[1]The prejudice to the nonmoving party must be more than an inconvenience. <u>Intel Corp. v. VIA Techs., Inc</u>., 198 F.R.D. 525 (N.D. Cal. 2000).

ORDER GRANTING PLAINTIFF'S
PROTECTIVE ORDER - 2

constitutes confidential commercial information.[2]  Plaintiff invested a substantial amount of time and effort to acquire the information, which is not readily available to others.  Plaintiff has not revealed the information to third-parties, and only key personnel at UCC have access to it.[3]

Second, plaintiff has established that disclosing this confidential information to defendant will cause plaintiff specific harm and prejudice.  Plaintiff asserts that defendant's knowledge and use of the information "would interfere with UCC's business relationships and permanently harm UCC's ability to pursue those opportunities anew once its claim to the Asia Rights is vindicated by the Court."  Plaintiff's Motion at p. 6.  Even if its claim to the Asia Rights is not vindicated, plaintiff contends that the information will be valuable in "pursuing other Asian expansion strategies."  Id.  Regardless of whether defendant actively uses the information, access to the client list would provide, at no cost to defendant, "a near-instant roadmap of how to develop the Tully's brand in the Territories."  Id. at 7.

In response, defendant contends it will suffer extreme prejudice if the list is not disclosed, because its attorneys are not experts in the foreign specialty coffee industry.  Defendant believes that it will be denied the opportunity to prepare its defense if it is unable to discuss the contact list with its attorneys.[4]  The Court finds defendant has not established that restricting the list's disclosure to defendant's attorneys and experts will prejudice its case.  Even if its lawyers are not experts in the foreign coffee industry, defendant may hire outside experts to analyze the information.  For these reasons, the Court concludes that the risk of harm and prejudice to plaintiff outweighs defendant's need to use the information in preparing its case.

---

[2]Accordingly, the Court need not decide whether the contact list meets the definition of a trade secret under Washington's Uniform Trade Secret Act, RCW 19.108.010(4).

[3]The fact that the list contains names of people who are not themselves trade secrets does not detract from the list's confidential nature.  C.f. Ed Nowogroski Ins., Inc. v. Rucker, 137 Wn.2d 427, 440 (1999) ("a customer list is one of the types of information which can be a protected trade secret ....").

[4]The parties do not dispute the relevance of the contact list to the presentation of defendant's case.

ORDER GRANTING PLAINTIFF'S
PROTECTIVE ORDER - 3

1

2

3                        **IV.  Conclusion**

4        For the foregoing reasons, the Court GRANTS plaintiff UCC's "Motion For Protective

5   Order Designating Certain Information As Attorneys' Eyes Only."

6

7        DATED this 5th day of March, 2007.

8

9

10                              Robert S. Lasnik
                                United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   ORDER GRANTING PLAINTIFF'S
     PROTECTIVE ORDER - 4